Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*Treasure Studio Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC.,<br><br>Plaintiffs<br><br>v.<br><br>BZJHFGAFTAFHA, CHANGXIKEJI, GDGDGGFDGGD, HUOZHOUSHILANQIMAOYIDIAN, JIA-YYAUS, KUNMINGSUOLIANYUANSHANGMAOYOUXIANGONGSI, LIUYANGYANGKUAJING, LUGAOSHA, MAIERDANYINJIAPU, PANLONGQUGUAIRONGBAIHUOSHANGHANG, VITERRANY, WANGZHICHENGO, WEILINGXIAYINGZEQU, WPIHK, XIUZIZHONG, XUMAOCHANGSHUANGTAXIJIE, YANGHESONG and YANJUN SHOP,<br><br>Defendants | CIVIL ACTION NO.<br>24-cv-3184 (PKC)<br><br>[PROPOSED]<br>ORDER REOPENING THE CASE AND DIRECTING THE TURNOVER OF DEFAULTING DEFENDANTS FROM AMAZON |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") | N/A |
| **Defendants** | bzjhfgaftafha, CHANGXIKEJI, gdgdggfdggd, huozhoushilanqimaoyidian, Jia-Yyaus, KunMingSuoLianYuanShangMaoYouXianGongSi, liuyangyangkuajing, LuGaoSha, MAIERDANYINJIAPU, panlongquguairongbaihuoshanghang, Viterrany, wangzhichengo, weilingxiayingzequ, WPIHK, Xiuzizhong, xumaochangshuangtaxijie, YANGHESONG and Yanjun Shop | N/A |
| **Defaulting Defendants** | bzjhfgaftafha, CHANGXIKEJI, gdgdggfdggd, huozhoushilanqimaoyidian, Jia-Yyaus, KunMingSuoLianYuanShangMaoYouXianGongSi, liuyangyangkuajing, LuGaoSha, MAIERDANYINJIAPU, panlongquguairongbaihuoshanghang, Viterrany, wangzhichengo, weilingxiayingzequ, WPIHK, xumaochangshuangtaxijie, YANGHESONG and Yanjun Shop | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on April 26, 2024 | 1 |
| **Complaint** | Plaintiffs' Complaint filed on April 26, 2024 | 6 |
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 26, 2024 | 10-14 |
| **Miller Dec.** | Declaration of Robert Miller in Support of Plaintiffs' Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' Application | 14 |

i

| TRO | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 1, 2024 | 15 |
|---|---|---|
| PI Show Cause Hearing | May 15, 2024, hearing to show cause why a preliminary injunction should not issue | N/A |
| PI Order | The Preliminary Injunction Order entered on May 15, 2024 | 16 |
| CoComelon Content | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs | N/A |
| CoComelon Applications | U.S. Trademark Serial Application Nos.: 88/945,840 for "[CoComelon logo]" for goods in Class 3; 88/681,276 for "[CoComelon logo]" for goods in Class 25; 88/681,270 for "[CoComelon logo]" for goods in Class 9; 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,280 for "[CoComelon logo]" for goods in Class 28 and 88/681,253 for "COCOMELON" for goods in Class 25 | N/A |
| CoComelon Registrations | U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" for goods in Class 16; 5,918,526 for " | N/A |

| | | |
|---|---|---|
| | **CoComelon**" for goods in Classes 9 and 41; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 and 6,563,758 for " **CoComelon** " for goods in Class 25 | |
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications | N/A |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017; VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering CoComelon Logo | N/A |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the CoComelon Marks and/or CoComelon Works, and/or products in packaging and/or containing labels and/or hang tags bearing the CoComelon Marks and/or CoComelon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works and/or products that are identical or confusingly or substantially similar to the CoComelon Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with | N/A |


|  |  |  |
|---|---|---|
|  | Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |  |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on October 24, 2024 | 27-30 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiffs' Motion for Default Judgment | 28 |
| **Final DJ Order** | Final Default and Permanent Injunction Order Against Defaulting Defendants entered on November 19, 2024 | 32 |
| **Motion for a Turnover Over** | Plaintiffs' Motion for an Order Directing the Turnover of Funds from Third Party Service Provider Amazon | TBD |
| **Nastasi Turnover Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' Motion for a Turnover Order | TBD |

This matter comes before the Court by motion filed by Plaintiffs for an Order reopening the case and directing the turnover of Defaulting Defendants' Assets held by Amazon, to be applied on account of the judgments in the amount of $50,000.00 against each and every Defaulting Defendant entered on November 19, 2024, pursuant to N.Y. C.P.L.R. § 5225, made applicable under Fed. R. Civ. P. Rule 69(a).

The Court, having considered the Memorandum of Law, Declaration of Gabriela N. Nastasi and all accompanying exhibits thereto, the Court hereby GRANTS the Motion to Reopen the Case and for a Turnover Order.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1) The restraints on Defaulting Defendants' Financial Accounts held by Amazon are lifted for the sole purpose of effecting the transfer of all Defaulting Defendants' Assets to Plaintiffs; and

2) Amazon shall turn over all of Defaulting Defendants' Assets held in Defaulting Defendants' User Accounts with Amazon, or so much of it as is sufficient to satisfy the judgment to Plaintiffs.

**SO ORDERED.**

SIGNED this 26th day of November, 2024, at 5:22 p.m.

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

3) The December 9, 2024 conference is VACATED. By December 16, 2024, Plaintiffs shall submit in writing filed on ECF a plan and schedule to bring this action to final conclusion.

4) Motion to Reopen and for Turnover Order is granted and terminated. ECF 33.